UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE HOLLAND,

v.  Case No. 8:11-cr-187-VMC-AEP
    8:22-cv-1728-VMC-AEP

UNITED STATES OF AMERICA.
_____/

**ORDER**

This matter is before the Court pursuant to Maurice Holland's Motion to Stay Proceedings (Civ. Doc. # 11), filed on July 10, 2023. The United States of America responded on July 20, 2023. (Civ. Doc. # 8). For the reasons that follow, the Motion is denied.

**I. Background**

On July 25, 2012, pursuant to a plea agreement, Maurice Holland pled guilty to one count of conspiracy with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Crim. Doc. ## 54, 66).

On October 24, 2012, the Court sentenced Mr. Holland to 210 months' imprisonment as to each count, to run

1

concurrently, followed by a term of 60 months' supervised release as to each count, also to run concurrently. (Crim. Doc. # 66). Mr. Holland qualified for the Armed Career Criminal Act ("ACCA") sentencing enhancement under 18 U.S.C. § 924(e) based on four prior convictions in the state of Florida: three convictions for the sale of cocaine, and one then-qualifying violent felony conviction for fleeing or eluding. (Crim. Doc. # 92 at ¶ 35).

Mr. Holland filed his Section 2255 motion in this case on July 28, 2022, arguing that his prior Florida sale of cocaine convictions no longer qualify as "serious drug offenses" in light of United States v. Jackson, 36 F.4th 1294 (11th Cir. 2022) ("Jackson I"), vacated, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), superseded, 55 F.4th 846 (11th Cir. 2022) ("Jackson II"), cert. granted, 143 S. Ct. 2457 (May 15, 2023). (Crim. Doc. # 123; Civ. Doc. # 1).

Subsequently, on July 10, 2023, Mr. Holland moved to stay the proceedings. (Civ. Doc. # 11). The United States has responded, (Civ. Doc. # 13), and the Motion is ripe for review.

**II.  Discussion**

Mr. Holland seeks to stay the resolution of his motion to vacate given that the Supreme Court has granted certiorari

in Jackson II. (Civ. Doc. # 11). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). Here, Mr. Holland contends that the Court should stay his 2255 proceedings because his motion raises "issues currently undecided in the Supreme Court[.]" (Civ. Doc. # 11 at 2). But "a grant of certiorari does not affect this Court's obligation to follow prior decisions of the Eleventh Circuit Court of Appeals." Villa v. United States, No. 12-20838-CR-GOLDBERG, 2016 WL 4574363, at *14 (S.D. Fla. June 14, 2016), report and recommendation adopted, No. 15-22898-CIV, 2016 WL 4579082 (S.D. Fla. Sept. 1, 2016); see Schwab v. Sec'y, Dep't of Corr., 507 F.3d 1297 (11th Cir. 2007) (declining to stay an execution because "grants of certiorari do not themselves change the law, they must not be used by courts of this circuit as a basis for granting a stay of execution that would otherwise be denied."). Further, the Court notes that regardless of how the Supreme Court decides the issues presented in Jackson I and Jackson II, Mr. Holland will not be entitled to relief. Mr. Holland's federal firearm violation occurred in 2011, four years before the removal of ioflupane from the federal drug schedules. Regardless of which version of the federal drug schedules Mr. Holland's

state convictions are compared to – the version in effect in 2001, or that in effect in 2011 – Mr. Holland's state convictions qualify him for the ACCA sentencing enhancement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Maurice Holland's Motion to Stay Proceedings (Civ. Doc. # 11) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of July, 2023.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE