UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE HOLLAND,

v.                       Case No.  8:11-cr-187-VMC-AEP
                                   8:22-cv-1728-VMC-AEP

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court pursuant to Maurice Holland's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Civ. Doc. # 1; Crim. Doc # 128), filed on July 28, 2022. The United States of America responded on April 19, 2023. (Civ. Doc. # 8). For the reasons that follow, the Motion is denied.

**I.   Background**

On July 25, 2012, pursuant to a plea agreement, Maurice Holland pled guilty to one count of conspiracy with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Crim. Doc. ## 54, 66).

1

On October 24, 2012, the Court sentenced Mr. Holland to 210 months' imprisonment as to each count, to run concurrently, followed by a term of 60 months' supervised release as to each count, also to run concurrently. (Crim. Doc. # 66). Mr. Holland qualified for the Armed Career Criminal Act ("ACCA") sentencing enhancement under 18 U.S.C. § 924(e) based on four prior convictions in the state of Florida: three convictions for the sale of cocaine, and one then-qualifying violent felony conviction for fleeing or eluding. (Crim. Doc. # 92 at ¶ 35).

Mr. Holland filed his first 28 U.S.C. § 2255 motion on June 20, 2014, arguing that under Descamps v. United States, 570 U.S. 254 (2013), and Donawa v. U.S. Att'y Gen., 735 F.3d 1275 (11th Cir. 2013), he no longer qualified as a career offender. (Crim. Doc. # 80). The Court denied Mr. Holland's motion as untimely. (Crim. Doc. # 81).

On August 2, 2016, the Eleventh Circuit denied Mr. Holland's motion to file a second or successive Section 2255 motion, which he sought to do in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). (Crim. Doc. # 93).

Mr. Holland filed the instant Section 2255 motion on July 28, 2022, arguing that his prior Florida sale of cocaine

convictions no longer qualify as "serious drug offenses" in light of United States v. Jackson, 36 F.4th 1294 (11th Cir. 2022) ("Jackson I"), vacated, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022), superseded, 55 F.4th 846 (11th Cir. 2022) ("Jackson II"), cert. granted, 143 S. Ct. 2457 (May 15, 2023). (Crim. Doc. # 123; Civ. Doc. # 1). On September 6, 2022, the Government moved to dismiss, contending that Mr. Holland's Section 2255 motion was a successive motion filed without prior authorization from the Eleventh Circuit. (Civ. Doc. # 6). The Court denied the Government's motion, reasoning that Mr. Holland's motion "relies on an event" – the removal of ioflupane from the federal controlled substances schedule – that occurred a year after the denial of his initial Section 2255 motion. (Civ. Doc. # 7).

The Government has responded to Mr. Holland's motion. (Civ. Doc. # 8). The Motion is now ripe for review.

## II.  **Discussion**

Mr. Holland contends that under Jackson I, his state cocaine convictions no longer qualify him for the ACCA sentencing enhancement. (Doc. # 1 at 6). The Government argues that Mr. Holland's motion to vacate is both procedurally and

3

substantively defective and thus should be denied. (Doc. # 8 at 10).

A.    **Timeliness**

According to the Government, Mr. Holland's motion is untimely, because it was filed several years after his conviction became final. (Doc. # 8 at 10). Mr. Holland contends that the Eleventh Circuit's issuance of its decision in Jackson I on June 10, 2022, constitutes a "material fact" within the meaning of Section 2255(f)(4). (Doc. # 1 at 3).

The one-year statute of limitations for filing a motion under Section 2255 begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment to the movant's motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002).

Here, Mr. Holland's judgment of conviction became final on November 7, 2012, when the time for filing a direct appeal had passed. (Crim. Doc. # 66); see Fed. R. App. P. 4(b)(1)(A).

However, Mr. Holland contends that his motion is timely pursuant to Section 2255(f)(4).

Section 2255(f)(4) permits the statute of limitations to run from the date on which certain facts are discovered. 18 U.S.C. § 2255(f)(4). Here, however, it does not render Mr. Holland's motion timely. Even assuming without deciding that the removal of ioflupane from the federal controlled substances schedules in 2015 constitutes a "fact[] supporting the claim," Mr. Holland's motion is still untimely – by almost six years. Ioflupane was removed from the federal drug schedules on September 11, 2015, which means that the statute of limitations would have expired on September 11, 2016.

While Mr. Holland cites to the Eleventh Circuit's decision in Jackson I in support of the timeliness of his motion, "a judicial decision interpreting the law does not constitute a new fact for the purposes of [Section] 2255(f)(4)." Ingram v. United States, 932 F.3d 1084, 1089 (8th Cir. 2019) (internal quotations omitted); see Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new

factual information affecting the claim, does not trigger the limitations period.").

Mr. Holland has therefore failed to establish new facts that would permit the Court to treat his motion as timely under Section 2255(f)(4). Because Mr. Holland has not shown that his Section 2255 Motion was filed within the applicable statute of limitations, the Motion is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

**B.    Merits**

Even if Mr. Holland's motion were timely, he cannot prevail on the merits of his claim. Mr. Holland contends that, pursuant to Jackson I, his state cocaine convictions no longer meet ACCA's definition of a "serious drug offense." (Doc. # 1 at 3).

ACCA defines a "serious drug offense" as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(ii).

"To determine whether a defendant's state conviction is for a serious drug offense under the ACCA, [courts] apply what is described as a 'categorical approach.'" United States

v. Conage, 976 F.3d 1244, 1250 (11th Cir. 2020). Under the categorical approach, courts "consider only the fact of the defendant's conviction and the statutory definition of the state offense at issue, rather than the facts underlying the defendant's conviction." Id. Thus, "a state conviction cannot serve as an ACCA predicate offense if the state law under which the conviction occurred is categorically broader — that is, if it punishes more conduct — than ACCA's definition of a 'serious drug offense.'" Jackson II, 55 F.4th at 850. To apply the categorical approach, courts compare the state law defining the prior state offenses with ACCA's definition of "serious drug offense."

At issue in Jackson I and Jackson II was which version of the federal controlled-substances schedules ACCA's definition of "serious drug offense" incorporates: that in effect at the time of the defendant's state law conviction, or that in effect at the time of the defendant's felon in possession of a firearm violation.

In Jackson I, a three-judge panel of the Eleventh Circuit held that the definition of "serious drug offense" in ACCA incorporates the Controlled Substances Act Schedules in effect at the time the defendant commits his or her federal firearm possession violation. Jackson I, 36 F.4th at 1299–

7

300. The en banc Eleventh Circuit subsequently vacated that decision. United States v. Jackson, No. 21-13963, 2022 WL 4959314 (11th Cir. Sept. 8, 2022). Thereafter, the Eleventh Circuit issued its decision in Jackson II, this time holding that the definition of "serious drug offenses" incorporates the federal drug schedules in effect at the time of the defendant's convictions the predicate state offenses. Jackson II, 55 F.4th at 855.

Here, Mr. Holland's state cocaine convictions are not overbroad compared to the applicable federal drug schedules. Mr. Holland's predicate state convictions occurred in 2001. (Doc. # 92 at ¶ 35). Mr. Holland committed the federal firearm violation on January 12, 2011. (Id. at ¶¶ 5 -6). Under Jackson II, the Court looks to the federal drug schedules in effect in 2001 to determine whether the state law of which Mr. Holland was convicted was categorically broader than the federal drug schedules. See Jackson II, 55 F.4th at 856 ("[T]he federal controlled-substances schedules in effect at the time of the previous state conviction govern.").

Mr. Holland contends that his 2001 convictions under Florida Statute Section 893.13 are "categorically unqualified as serious drug felonies" under ACCA because in 2001, Section 893.13 included conduct involving ioflupane, which was

8

removed from the federal drug schedules in 2015. (Civ. Doc. # 1 at 6). But at the time Mr. Holland was convicted of his state drug offenses, the federal version of Schedule II included ioflupane. Schedules of Controlled Substances: Removal of [123 I] Ioflupane from Schedule II of the Controlled Substances Act, 80 Fed. Reg. 54715, 54715 (Sept. 11, 2015) (codified at 21 C.F.R. § 1308.12(b)(4)(ii)); see Jackson II, 55 F.4th at 851 ("The federal version of Schedule II also encompassed ioflupane in 1998 and 2004, when Jackson was convicted of his Section 893.13(1) offenses."). The state statute "defines the offense in the same way, or more narrowly than, the ACCA's definition of a serious drug offense." Conage, 976 F.3d at 1250. Mr. Holland's state convictions thus qualify as "serious drug offenses" such that he is subject to the ACCA enhancement.

The Court recognizes that Mr. Holland has filed a motion to stay proceedings, given that the Supreme Court has granted certiorari in Jackson II. The Court is bound by Jackson II, and thus focuses only on the federal drug schedules as they existed in 2001 to evaluate the merits of Mr. Holland's claim. Nevertheless, the Court notes that Mr. Holland would be unable to obtain relief even under Jackson I. Indeed, Mr. Holland's federal firearm violation occurred in 2011, four years before

9

ioflupane was removed from the federal drug schedules. Thus, regardless of which version of the federal drug schedules Mr. Holland's state convictions are compared to – the version in effect in 2001, or that in effect in 2011 – the state statute is not overbroad.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Maurice Holland's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 128) is **DENIED**. The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of July, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE